FRANK A. BURNHAM, APPELLEE, V. LINCOLN COUNTY, APPELLANT.

FRANK A. BURNHAM, DOING BUSINESS AS ARNOLD HOSPITAL, APPELLEE, V. LINCOLN COUNTY, APPELLANT.

FILED DECEMBER 7, 1934. NOS. 29059, 29060.

*C. S. Beck*, for appellant.

*Hoagland, Carr & Hoagland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

GOSS, C. J.

These two causes were consolidated and tried together in the district court. In the first Frank A. Burnham sued for $75 and was given a judgment for $60, and in the second Frank A. Burnham, doing business as Arnold Hospital, sued for $95 and was given a judgment for that amount.

The basis of the first cause is an operation on Bennie Hopkins and that of the second his hospitalization. Both services were rendered at Arnold, in the northwest corner of Custer county. The patient resided in the northeastern part of Lincoln county.

The patient was 16 years old. He lived with his father and other children, rent free, in a house belonging to John H. Miller. His mother was dead. The father, C. L. Hopkins, had received $20 a month during the summer,

but was out of work. The family was aided by the Red Cross. They might be said to be destitute. The evidence shows they had no means with which to pay for the services of a physician.

C. L. Hopkins had no car. Early in the morning of November 26, 1932, he solicited Mr. Miller to take Bennie to a doctor in Arnold, and Miller's daughter took him with his father and two brothers. When Dr. Burnham examined him he had been vomiting, had a temperature of 97, a very slow pulse, a hard, rigid abdomen, and symptoms of great pain. These signs indicated a rupture of some kind of the alimentary tract and suggested an immediate operation. Dr. Dunn gave the anæsthetic. It was discovered that the abdomen was full of fluid and food particles floating free. A hole about the diameter of a lead pencil was found about an inch above the lower opening of the stomach through which the food was escaping into the abdominal cavity. There was a great deal of inflammation. Peritonitis had already set in. The opening in the stomach was closed, the abdomen was cleaned, and a rubber tube was inserted for drainage. The patient's condition was very grave. It was not known for 36 hours whether he would survive. A nurse stayed with him constantly during that period. After that he had the usual hospital attention. Pneumonia set in and lasted a week. He was in the hospital three weeks.

The claim before the county commission for the operation was $75 because that is the fee allowed in Custer county in such cases. The hospital claim so filed was for $95. Both were disallowed by the county commissioners of Lincoln county, the appeal therefrom resulting in this action. It was tried to the court, jury being waived. The district court found that Bennie Hopkins was a pauper within the meaning of the statutes and a resident of Lincoln county. There can be no dispute about this finding. The court cut the claim for the operation to $60 because that was the amount conventionally allowed by Lincoln county for abdominal operations. The claim for

hospital services was allowed for $95 as pleaded. The evidence shows both amounts to be reasonable.

No authorization for the operation or hospital services was secured by plaintiff. There was no time for that. The condition of the patient was critical and the necessity for immediate operation was emergent. The boy was already suffering severely from the shock. To have refused the operation and to have required Miss Miller to drive, him to a hospital at North Platte (a much greater distance from the home than to Arnold) would have caused much more food to "have been shaken out of the stomach; the operation would have been delayed that much more, and the shock would have increased." As the doctor put it, "That simply isn't done" where it is "suspected the patient has a rupture." The ethical, the professional, the humane, the conventional thing is to operate at once.

Under the statutes it would have been the duty of the authorities of Lincoln county to provide the necessary medical services for the patient in their own county. On the authority of *Miller v. Banner County*, 127 Neb. 690, it would have been the duty of the county authorities of Lincoln county to have authorized the operation and hospitalization of this patient in Custer county. After the services were rendered the board of county commissioners refused their consent by disallowing reasonable bills for these services. The refusal was, in the rather unusual circumstances, arbitrary. In the *Miller* case, above cited, we said: "In an emergency requiring an operation to save the life of a pauper, the surgeon should, if reasonably possible, attempt to communicate with the proper corporate authorities charged with the care of the poor, but if an arbitrary refusal is given, or if such corporate authorities be noncommittal, the necessary services may be rendered notwithstanding, and the law imposes an obligation upon the county to pay the reasonable value of such services."

It makes no difference that the emergency operation was performed in another county. As applied to the instant case, the rule may be stated in these words: "In an

emergency requiring an operation to save the life of a pauper, the surgeon should, if reasonably possible, attempt to communicate with the proper county authorities charged with the care of the poor, but, if the emergency demanding immediate operation be exigent, the necessary services may be rendered, and the law imposes an obligation upon the county to pay the reasonable value of such services."

The judgment of the district court is

AFFIRMED.